UNITED STATES of America,
Plaintiff–Appellee,

v.

Pedro GOMEZ–PENA, Defendant–
Appellant.

No. 14–50083.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2015.*

Filed March 18, 2015.

Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kristi A. Hughes, Cassandra Lucinda Lopez, Sarah Rose Weinman, Federal Defenders of San Diego, San Diego, CA, for Defendant–Appellant.

Before: FARRIS, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM **

Pedro Gomez–Pena appeals from the district court's judgment and challenges the 24–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gomez–Pena challenges the district court's within-Guidelines sentence, claiming that the court's consideration of his prior sentences was procedurally errone-

ous because it improperly incorporated the concept of punishment into the revocation sentence. We review for harmlessness, see United States v. Grissom, 525 F.3d 691, 696 & n. 2 (9th Cir.2008), and find no error. The district court properly considered Gomez–Pena's prior sentences as part of its evaluation of his history and characteristics and the need for deterrence. See 18 U.S.C. § 3583(e); United States v. Simtob, 485 F.3d 1058, 1062–63 (9th Cir.2007).

Gomez–Pena next argues that the district court procedurally erred by failing to address his arguments for a shorter sentence due to his age and medical conditions. We review for plain error, see United States v. Bonilla–Guizar, 729 F.3d 1179, 1187 (9th Cir.2013), and find none. The record reflects that the district court considered Gomez–Pena's mitigating arguments and adequately explained the sentence. See United States v. Carty, 520 F.3d 984, 992–93 (9th Cir.2008) (en banc).

Finally, Gomez–Pena contends that his sentence is substantively unreasonable as a result of the alleged procedural errors. The district court did not abuse its discretion in imposing Gomez–Pena's sentence. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence at the top of the Guidelines range is substantively reasonable in light of the totality of the circumstances and the section 3583(e) factors, including the need for deterrence and Gomez–Pena's breach of the district court's trust. See Gall, 552 U.S. at 51, 128 S.Ct. 586; Simtob, 485 F.3d at 1062–63.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.